IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

v.                                    Civil No. 05-5205
                                      Criminal No. 01-50010-001
FREDERICK O. BOGAR                                                    DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Frederick O. Bogar, a federal inmate, brings this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The United States moves to dismiss the motion as barred by limitations. I directed Bogar to complete a questionnaire as his response to the motion to dismiss.

DISCUSSION

On April 25, 2001, a four count indictment was returned against Bogar charging him with drug crimes. On January 22, 2005, pursuant to a plea agreement, Bogar entered a plea to Count III of the indictment charging him with knowing distribution of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1).

The presentence investigation (PSI) report set the base offense level at 32 based on 129.56 grams of cocaine attributed to Bogar as relevant conduct. A two-level enhancement was recommended for possession of a dangerous weapon at the time of the offense under U.S.S.G. § 2D1.1(b)(1). A three-point reduction was given based on acceptance of responsibility for a total offense level of 31. With a criminal history category of III, the recommended guideline range was 135 to 168 months.

Bogar objected to the two-level weapon enhancement. Hon. Jimm Larry Hendren overruled the objection, finding it probable that the weapon had some connection with the criminal activity. The court sentenced Bogar to 144 months imprisonment, three years supervised release, $3,500 fine, and $100 special assessment.

Bogar appealed his sentence, challenging the weapon enhancement. The Eighth Circuit issued its decision affirming Judge Hendren on January 10, 2003. *United States v. Bogar*, 58 Fed.Appx. 236, 2003 WL 77188 (8th Cir. 2003)(unpublished). Bogar did not seek a writ of certiorari in the United States Supreme Court.

Bogar signed the instant motion on December 16, 2005, and this date is deemed as the effective filing date Bogar placed the motion in the prison mail system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (prison mailbox rule). In his motion, Bogar claims that his plea was invalid and unknowing because his counsel failed to advise him that his criminal history would be a factor in sentencing, the court erred in assessing weapon enhancement, and the weapon enhancement violated *Booker v. United States*.

The United States contends the motion should be dismissed because it was not filed within the one-year statute of limitations applicable to habeas corpus cases. 28 U.S.C. § 2255 provides that a motion to vacate, set aside, or correct sentence must be filed no later than one-year from the latest of (1) the date the conviction became final by the conclusion of direct review or the expiration of time for seeking such review; (2) the date that an impediment to filing an application created by governmental action in violation of federal law is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.

The United States relies on subsection (1) above, arguing that the date the conviction became final triggered the limitation period. The government contends that date was April 10, 2003, 90 days after the appellate decision of January 10, 2003. *See United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). The United States argues that under subsection (1), Bogar had until April 10, 2004, to file a § 2255 motion. However, Bogar did not file his motion until December 16, 2005.

Bogar refers to (3) and (4) above, stating that his *Booker v. United States* claim arose when the decision were announced. In *Blakely v. Washington*, ___U.S. ___, 124 S.Ct. 2531 (2004), the Supreme Court struck down as unconstitutional a Washington state sentencing scheme that allowed judges to apply sentencing enhancements based on judge-found facts. The Court held that the Sixth Amendment right to trial by jury requires that any fact which leads to a sentencing enhancement, other than the fact of a prior conviction, must be found by a jury or admitted by the defendant. In *United States v. Booker*, ___U.S. ___, 125 S.Ct. 738 (2005), delivered on January 12, 2005, the Supreme Court applied the *Blakely* holding to the Federal Sentencing Guidelines, finding them unconstitutional. The Court made the then-mandatory Guidelines advisory only to correct the defect.

Here, Bogar's reliance on subsection (3) is misplaced. What is required is that a new right recognized by a Supreme Court decision be made "retroactively applicable" to § 2255 motions. Here, the *Booker* decision has been found not to be retroactively applied to convictions that became final prior to the decision. *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). Bogar also has not shown that subsection (4) is applicable because there is no suggestion that the facts

supporting the claim were not known or could not have been discovered through the exercise of reasonable diligence.

I find that the date triggering the statute of limitation was the date Bogar's conviction became final, April 10, 2003, and that he failed to file a § 2255 motion within one year of that date. As such his motion here is untimely.

The doctrine of equitably tolling applies to § 2255 motions. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). "Equitable tolling is appropriate where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *Id.*, 408 F.3d at 1093. Here, there is nothing to suggest that Bogar is entitled to benefit from the doctrine of equitable tolling.

CONCLUSION

Based on the above, I recommend that the instant petition be dismissed with prejudice as barred by limitations. **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 28th day of February 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE